Case 4:24-cv-00378   Document 11   Filed on 12/20/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORY S.,[1] §<br>§<br>Plaintiff. §<br>§<br>V. §<br>§<br>COMMISSIONER OF SOCIAL §<br>SECURITY, §<br>§<br>Defendant. § | CIVIL ACTION NO. 4:24-cv-00378 |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Cory S. seeks judicial review of an administrative decision denying his applications for Title II disability and disability insurance benefits under the Social Security Act (the "Act"). Cory S. and Defendant Carolyn Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have filed briefs. *See* Dkts. 8, 9. Having reviewed the briefing, record, and applicable law, I recommend the Commissioner's decision be reversed and this matter remanded to the Commissioner for further proceedings consistent with this Memorandum and Recommendation.

## BACKGROUND

Cory S. filed an application for benefits under Title II of the Act on May 28, 2020, alleging disability beginning on July 30, 2016. His application was denied

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Colvin is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). This is Ms. Colvin's second time serving as Acting Commissioner, having previously served as Acting Commissioner from February 14, 2013 through January 20, 2017.

and denied again upon reconsideration. On July 18, 2022, an Administrative Law Judge ("ALJ") issued an unfavorable decision. On December 5, 2022, the Appeals Council granted Cory S.'s request for review and remanded the case for further administrative proceedings, including an adequate evaluation of the medical opinion evidence. On remand, the ALJ conducted a supplemental hearing. On July 5, 2023, the ALJ again found Cory S. not disabled. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir.

1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

At Step 1, the ALJ found that Cory S. "did not engage in substantial gainful activity during the period from his alleged onset date of July 30, 2016, through his date last insured of September 30, 2022." Dkt. 4-3 at 32.

At Step 2, the ALJ found that Cory S. "had the following severe impairments: bipolar disorder/depression, post-traumatic stress disorder (PTSD), traumatic brain injury (TBI) with personality and mood disorder, lumbar facet syndrome/lumbago, obesity, and tinnitus." *Id.*

At Step 3, the ALJ found that Cory S. "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." *Id.* at 33.

Prior to consideration of Step 4, the ALJ determined Cory S.'s RFC as follows:

> [Cory S.] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he cannot climb ladders, ropes, or scaffolding, and can only occasionally climb even ramps or stairs. He can only occasionally balance, stoop, bend, kneel, crawl, and crouch. Due to a type of hearing impairment and/or mental impairments, he cannot be exposed to very loud sounds such as a jack hammer. He can have only occasional exposure to hazards, dangerous equipment and machinery, and unprotected heights. Due to mental impairments, [he] can understand, remember, and carry out detailed but not complex tasks, cannot work at forced pace, assembly line, or production rate jobs, and can have only occasional dealings with coworkers and with supervisors, but can have frequent exposure to the public.

*Id.* at 35.

At Step 4, the ALJ found that Cory S. "was capable of performing past relevant work as a telephone solicitor." *Id.* at 42. Accordingly, the ALJ found that Cory S. "was not under a disability . . . at any time from July 30, 2016, the alleged onset date, through September 30, 2022, the date last insured." *Id.* at 43.

## DISCUSSION

Cory S. contends that the ALJ erred in evaluating the evidence of record, including medical opinions, and that this error rendered the ALJ's decision unsupported by substantial evidence. I agree.

Because Cory S. filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. § 404.1520c. Through the new regulations, the Commissioner revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, abrogating the treating physician rule. "As such, ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-cv-166, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (1) supportability; (2) consistency; (3) the source's relationship with the patient; (4) the source's

4

specialty; and (5) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c)(1)–(5). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2).

With respect to "supportability, the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 1:20-cv-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)). "Simply put, consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

At a minimum, an ALJ's persuasiveness explanation should "enable[] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Here, the logic of the ALJ's decision is difficult to follow. In particular, the ALJ appears to have selectively lent credibility to Cory S.'s testimony only when it supported the ALJ's decision, but not when it would have supported potentially disabling limitations in Cory S.'s RFC. For example, the ALJ'S decision provides:

> The prior administrative psychological consultant findings indicated [Cory S.] was capable of comprehending and remembering "uncomplicated" instructions, procedures, and systems and could have some level of difficulty maintaining concentration and productive for skilled work. However, the undersigned finds the overall psychological consultant opinion is non-persuasive. [Cory S.]

> has an advanced education and acknowledged at the hearing that his ability to concentrate, focus, and understand things was "pretty good" (Hearing Record).

Dkt. 4-3 at 41. This reasoning makes little to no sense.

First, Cory S.'s educational level is not related to his comprehension, memory, concentration, or productivity because Cory S. completed this education more than a year *before* his alleged onset date. *See* Dkt. 4-9 at 140 ("Bachelor's degree in Sport Management from Grand Canyon University in 05/2013, and a MBA from Grand Canyon University in 05/2015."); Dkt. 4-9 at 138 ("Based upon his school performance and other feedback, [Cory S.] is . . . not functioning at the same level as he was when he completed his MBA degree."). Thus, it is illogical to point to Cory S.'s advanced education as a reason for rejecting the psychological consultant's findings regarding his comprehension, memory, concentration, and productivity.

Second, and more importantly, the ALJ's decision to *credit* Cory S.'s lay, subjective assessment of his own abilities in this instance—but not in any instance in which it would have supported greater, potentially disabling limitations—lacks credence. The ALJ's analysis of Cory S.'s testimony is quintessential cherry-picking. *See Martinez v. Kijakazi*, No. EP-22-cv-00135, 2023 WL 2885402, at *10 (W.D. Tex. Apr. 5, 2023) ("Although appellate courts have stated the prohibition with slight linguistic variations, they all require the ALJ to expressly discuss, in his written decision, countervailing evidence that undermines his finding on nondisability, when he relies on other evidence that supports that finding." (collecting cases)). Here, the ALJ selectively relied on Cory S.'s testimony—in response to a leading question from the ALJ—that his "ability to concentrate, focus, and understand things seems pretty good." Dkt. 4-3 at 190. But the ALJ *ignored* everything Cory S. said to the contrary *during that same testimony*, such as the fact that "it took [Cory S.] two weeks to do four hours of work." *Id.* at 175. This is not a credible choice. *See Ramirez*, 606 F. App'x at 777 ("A finding of no substantial evidence is warranted only 'where there is a conspicuous absence of credible

6

choices or no contrary medical evidence.'" (quoting *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)). "[T]he ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). That is what happened here, and the error is harmful because the outcome would conceivably be different if the ALJ would properly analyze the psychological consultant's findings.

## CONCLUSION

For the reasons discussed above, I recommend the Commissioner's decision be reversed and this matter remanded to the Commissioner for further proceedings consistent with this Memorandum and Recommendation.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 20th day of December 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE